## J. D. ALFORD v. THE STATE.

### No. 4002. Decided February 26, 1908.

**1.—Theft and Embezzlement—Verdict—Charge of Court.**

Where upon trial upon an indictment charging both theft and embezzlements in different counts, the charge of the court was defective in not submitting to the jury the particular crime upon which the jury should find a verdict, and also left out the punishment which the jury were to assess, a general verdict of guilty must be set aside.

**2.—Same—Evidence—Other Crimes.**

Upon trial for theft and embezzlement, where the State was permitted to introduce testimony with reference to property found which was shown to have been taken at another time and place, then alleged in the indictment, and no connection shown with the offense upon trial, the same was reversible error.

**3.—Same—Evidence—Other Offense.**

Upon trial for theft and embezzlement it was error to admit testimony with reference to articles stolen out of a box car, and which related to a separate and distinct offense.

Appeal from the County Court of Dallam. Tried below before the Hon. J. P. Inman.

Appeal from a conviction of theft and embezzlement; penalty, sixty days confinement in the county jail.

The opinion states the case.

*C. J. Carter,* for appellant.—On question of admission of testimony as to other offenses, cited cases in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE. This case must be reversed for many reasons. Appellant was charged in the county court of Dallam County with the crime of theft and embezzlement of property of the value of less than $50.

There were six counts in the indictment. The first and second counts charged appellant with theft jointly with Turner and Godsoe. The remaining counts charged embezzlement jointly with those parties. There was a general verdict of guilty, without specifying the nature of the crime or on what count appellant was convicted, the verdict being: "We the jury find the defendant guilty and assess his punishment at sixty days in the county jail." The charge of the court, as it appears in the record, is quite unusual and very difficult to understand. In the caption the case is styled, "The State of Texas v. J. D. Alford, No. 361. The charge of the court given in No. 361, in the third paragraph thereof is, as follows: "Now, if you believe from the evidence beyond a reasonable doubt that the defendant did, in the County of Dallam and State of Texas, fraudulently take from the possession of said Farmer property to the value of less than $50, without the consent of the said Farmer, as alleged in the indictment, then you will find him guilty and assess his punishment in the county jail, and by fine not to exceed $500, or by such imprisonment without fine." This charge is fatally defective in two respects. First, the jury are not required to find that the property alleged to have been stolen was taken with the intent to appropriate the same to the use and benefit of the person taking; second, it is fatally defective, in that the punishment or penalty in the county jail is not named at all, whether one day or one year, or at any other time. There appears again in the charge of the court or a portion of the charge, what is styled, "The State of Texas v. J. D. Alford, No. 163, in which the jury were instructed that if they find the defendant guilty they will assess his punishment at a fine of not exceeding ——— and confinement in the county jail for not exceeding ——— years, or by such imprisonment without such fine. And if they so find, the form of your verdict will be, as follows: "We, the jury, find the defendant, J. D. Alford, guilty as charged in the first count of the indictment and assess his punishment at ——— in the county jail and a fine of $ ——— or if you should punish him only by imprisonment 'We the jury find the defendant guilty and assess his punishment at ——— in the county jail." Following this, in what is styled "The State of Texas v. J. D. Alford, No. 163, is another charge as long as both the preceding charges, in which the issue in respect to embezzlement is submitted to the jury, which we deem

it unnecessary to set out or discuss. These errors and omissions will, of course, require a reversal of the case.

There are, however, several other matters which we think it worth while to notice. On the trial the State introduced one Sadler, a special agent for the Rock Island Railroad Company at Dalhart, who stated that when he arrested appellant and Turner, they were trying to open a box car. It is not claimed or contended that the articles stolen were or had ever been in this box car. This relates to a wholly separate and distinct offense. He also testified that while appellant and Turner were in jail he went with Mr. Hutton to the house of Turner, and while there Mrs. Turner asked them "Where is the wagon?" He also stated, "We found some stolen apples in the house which we think had been taken from the Rock Island cars." This testimony was objected to, among other reasons, because defendant had already been tried and acquitted of the offense of burglary of a railroad car in the district court, and evidence that he was breaking the cars at the time of the arrest was inadmissible, incompetent and tended to prejudice the jury against the defendant in the case at bar; and because further the statements of Mrs. Turner were inadmissible because it was not shown that the defendant Alford was present when they were made, and there was no connection shown between the apples, if stolen, and defendant. Both of these objections were clearly well taken, and it was clearly erroneous to admit this testimony.

Again, while R. P. Hutton, sheriff of Dallam County, was on the witness stand, he testified that after the arrest of appellant and Turner, without warning him, they told him and others where they had found the stolen apples in the house of Turner; and further that Mrs. Turner asked the question, "Where is the wagon?" This testimony was objected to for all the reasons named in the preceding bill, and because, further it appeared from the testimony of the witness Hutton that the defendant had not been warned at the time the statements were made in regard to the whereabouts of the wagon, and there is no connection shown between the defendant and the wagon. This testimony also was clearly inadmissible. It has frequently been held that it is error to introduce evidence of other fraudulent acts and crimes other than those charged in the indictment or the information. See Felsenthal v. State, 30 Texas Crim. App., 675, and Malcolmson v. State, 25 Texas Crim. App., 267.

The testimony in the case is very weak, and it may well be doubted whether it is sufficient to sustain the judgment of conviction. It is evident that the admission of this improper testimony was highly prejudicial to appellant, and if the case is to be tried again, it should be excluded.

The judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*